UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUXEMBEAU BAZIN,

      Petitioner,

v.                              Case No: 2:13-cv-197-FtM-29DNF

ERIC HOLDER, Attorney General,
JANET NAPOLITANO, Secretary of
the Department of Homeland
Security, MARK MOORE, Director
of the Southern District Field
Office, ANTHONY AIELLO, Asst.
Field Office Director, and
STUART K. WHIDDON, Glades
County Detention Field Office
and Warden of Immigration
Detention Facility,

      Respondents.[1]

_____

### ORDER OF DISMISSAL

    Petitioner Luxembeau Bazin, a native and citizen of Haiti, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, filed March 11, 2013).  At the time he filed the petition, Petitioner had been detained in ICE Custody at the Glades County Detention Center in Moore Haven, Florida since August 9, 2012.

---

[1] A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243.  In cases involving present physical confinement, the Supreme Court reaffirmed in Rumsfeld v. Padilla, 542 U.S. 426 (2004) that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." Padilla, 542 U.S. at 439.  As Petitioner was detained at the Glades County Detention Center in Moore Haven, Florida, Petitioner's immediate custodian and proper respondent is Sheriff Stuart K. Whiddon.  All other respondents are dismissed from this action.

Id. at 3. Petitioner asserts that his continued detention violates his constitutional rights because he is not subject to mandatory detention. Id. at 2. In response, Respondent argued that Petitioner's detention was lawful (Doc. 9). Petitioner filed a reply (Doc. 10). Subsequently, Petitioner was released from custody because removal proceedings against him were terminated (Doc. 18-1 at 1). Respondent filed a motion to dismiss the petition as moot (Doc. 16). Despite being directed to do so, Petitioner did not respond to the motion to dismiss,[2] and the matter is now ripe for review.

For the reasons set forth in this Order, Respondent's motion to dismiss the petition as moot is **GRANTED**.

## I. Background

Petitioner is a native and citizen of Haiti (Doc. 1 at 4). He lawfully entered the United States on June 25, 2007. Id. On April 25, 2012, Petitioner pleaded no contest under Florida Statute § 800.04(4)(b) to lewd or lascivious battery of a person less than sixteen years of age (Doc. 9-1). Petitioner was sentenced to three years of probation and twenty-five hours of community service. Id.

On August 9, 2012, Petitioner's parole officer contacted United States Customs and Border Protection and requested assistance in determining Petitioner's alienage (Doc. 9-2 at 2). Petitioner was

---

[2] Mail sent to Petitioner was returned as undeliverable on August 14, 2013 and October 9, 2013. Petitioner has not provided the Court with an updated address.

placed into ICE custody and served with a Notice of Custody Determination and Notice to Appear (Doc. 9-3; Doc. 9-4). No bond was ordered (Doc. 9-3 at 1). It is unclear whether Petitioner requested a redetermination of the custody decision by an immigration judge. Compare Doc. 9-3 at 1 and Doc. 9-5 at 3.

Petitioner filed the instant petition on March 11, 2013 (Doc. 1). Petitioner asserts that he is not subject to the mandatory detention provisions of INA § 236, 8 U.S.C. § 1226(c), because lewd and lascivious battery of a person less than sixteen years of age under Florida Statute § 800.04(4)(b) is not an aggravated felony.[3]

---

[3] Under the INA, lawful permanent residents convicted of certain serious crimes are ineligible for cancellation of removal and are subject to mandatory deportation. 8 U.S.C. § 1229b(a)(3); Moncrieffe v. Holder, 133 S. Ct. 1678 (2013)(discussing when an alien is subject to mandatory deportation due to a conviction for certain aggravated felonies). In Moncrieffe, the United States Supreme Court concluded that when the government urges that a state conviction qualifies as an "aggravated felony" under the INA, a court must determine whether the state offense is comparable to an offense listed under the INA. Id. at 1684. A state offense matches a generic federal offense only if "a conviction of the state offense 'necessarily involved . . . facts equating to [the] generic [federal offense].'" Id. (citing Shepard v. United States, 544 U.S. 13, 24 (2005)).

Because this Court can no longer provide Petitioner any meaningful relief, it is unnecessary to determine whether the holding in Moncrieffe should be extended to determine whether Petitioner's conviction for lewd and lascivious of a person less than the age of sixteen subjects him to mandatory detention. 8 U.S.C. § 1226(c); see discussion infra Part II. However, the Court notes that Petitioner's assertion that a conviction under Florida Statute § 800.04(4)(b) is not an aggravated battery is refuted by 8 U.S.C. § 1101(a)(43)(A), which classifies the sexual abuse of a minor as an aggravated felony, and the Eleventh Circuit's rulings in United States v. Padilla-Reyes, 247 F.3d 1158, 1164 (11th Cir. 2001)("A violation of § 800.04 qualifies as 'sexual abuse of a minor under 8 U.S.C. § 1101(a)(43)(A).") and Chuang v. United States Att'y Gen.,

He also asserts that his prolonged detention violates his due process rights under the Fifth Amendment to the Constitution of the United States (Doc. 1 at 2). He asks this Court to assume jurisdiction over the matter; grant a writ of habeas corpus directing Respondent to immediately release him from custody; enjoin Respondent from further detaining him; and award attorney fees and costs (Doc. 1 at 20).[4]

Respondent filed a response to the petition, arguing that Petitioner's detention under 8 U.S.C. § 1226(c) is lawful because he is a criminal alien in removal proceedings and that his mandatory detention pending removal proceedings is constitutional and reasonable (Doc. 9 at 4-7) (citing Demore v. Kim, 538 U.S. 510 (2003)). Subsequent to the response, removal proceedings against Petitioner were terminated, and he was released from INS custody (Doc. 18-1 at 1). Respondent filed a motion to dismiss, asserting that the petition is now moot due to Petitioner's release (Doc. 12)

---

382 F.3d 1299 (11th Cir. 2004) ("[S]exual abuse of a minor [under § 11-1(a)(43)(A)] includes a violation of Fla. Stat. § 800.04.")(internal quotations omitted).

[4] Petitioner also requests an order preventing Respondent from transferring him from the jurisdiction of this Court while he remains in ICE custody (Doc. 1 at 20). Such an order is unnecessary as a transfer out of the Middle District of Florida would not divest this Court of jurisdiction over the petition. See Braden v. 30th Judicial Court of Kentucky, 410 U.S. 484, 495 (1973) (a petitioner's presence within the territorial confines of the district is not "an invariable prerequisite" to the exercise of a district court's habeas corpus jurisdiction). Accordingly, this request will not be further addressed by this Court.

(citing Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Suarez-Tejeda v. United States, 85 F. App'x 711, 715 (10th Cir. 2004); Picrin-Peron v. Rison, 930 F.2d 773, 776 (9th Cir. 1991)). Respondent attaches, as an exhibit to the motion, Petitioner's detention history showing that removal proceedings were terminated and Petitioner was released from custody on July 16, 2013 (Doc. 18-1 at 1).

**II. Analysis**

Petitioner asks this Court to release him pending removal proceedings notwithstanding the mandatory detention provisions of 8 U.S.C. § 1226(c) (Doc. 1 at 5-20). However, Petitioner has been released from custody (Doc. 18-1). Therefore, this Court cannot provide him with any meaningful relief.

The Eleventh Circuit has held that "[a] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. Where a habeas petitioner protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. See Spencer v. Kemna, 523 U.S. 1, 7–8 (1998) (discussing "in custody" requirement of habeas statute 28

U.S.C. § 2254). The narrow exception to the mootness doctrine applies only when the action being challenged is capable of being repeated and evading review. Al Najjar, 273 F.3d at 1336. The exception may be invoked only when: "(1) there [is] a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Al Najjar, 273 F.3d at 1336 (quoting Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997)).

Under these standards, to the extent Petitioner seeks release from INS custody, his petition is moot because Petitioner has achieved the result sought in his habeas petition. An alien's release from extended detention by ICE, even under an order of supervision, generally renders moot a § 2241 petition challenging the legality of his prior detention. The complete termination of proceedings against Petitioner should have the same effect. See, e.g., Hernandez-Gonzalez v. Holder, Case No. 2:13-cv-190-FtM-29DNF, 2013 WL 1729005, at *1-2 (M.D. Fla. Apr. 22, 2013) ("As it is undisputed that Petitioner has been released, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future."); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas

petition because the alien "achieved the result he sought in his habeas petition"); Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention).

Petitioner was released from custody more than a year ago, after the proceedings against him were terminated (Doc. 18-1 at 1). There is no reason for the Court to assume that Petitioner will once again be taken into custody by the INS. See Nunes, 480 F. App'x at 175; see also Ijaoba v. Holder, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, * 1 (N.D. Ala. Mar. 4, 2013) ("Since the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief."). Even should review of this matter somehow become necessary in the future, there is no reason to believe that there will be either inadequate time or an inadequate forum in which to litigate the issue. The narrow exception to the mootness doctrine does not apply, and Petitioner's claim that he is being unconstitutionally held is dismissed as moot.

Petitioner's request for attorney fees and costs also cannot save his habeas petition from mootness because the "interest in attorney fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying

claim[.]" Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990) (citing Diamond v. Charles, 476 U.S. 54, 70-71 (1986)).

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondents Eric Holder, Janet Napolitano, Marc J. Moore, and Anthony Aiello are **DISMISSED** from this action as improper respondents.

2. Respondent's motion to dismiss as moot Petitioner's claim that the duration of his mandatory detention is unconstitutional (Doc. 16) is **GRANTED**. Petitioner's claim that he is being unconstitutionally detained is dismissed as moot.

3. With no remaining claims, the petition for writ of habeas corpus filed by Luxembeau Bazin (Doc. 1) is **DISMISSED** without prejudice to his right to file a new § 2241 petition if a change in his circumstances occurs.

4. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___21st___ day of August, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Luxembeau Bazin
Counsel of Record